No. 3588

Second Circuit

SWOPE v. HOLMES

(January 31, 1930. Opinion and Decree.)

Albert P. Garland, of Shreveport, attorney for plaintiff, appellee.

J. W. Elder, of Ruston, attorney for defendant, appellant.

ODOM, J. This suit is for $35,545. It is alleged that plaintiff is the owner of a certain 10 acres of land on which he granted defendant an oil lease under which he retained a one-eighth royalty interest; that defendant drilled a well on said land which produced, over a given period of time, 5,000 barrels of oil worth $5,000, one-eighth of which belonged to plaintiff, and that defendant sold the entire output of the well and failed to account to plaintiff for his share of the proceeds, except a small payment of $80.

The $35,000 is alleged to be due plaintiff as damages due to defendant's having drilled two wells on his own land which adjoined plaintiff's land, defendant's wells, it is alleged, having produced oil valued at $70,000, one-half of which plaintiff claims was drained from under his land.

Defendant filed exceptions of no cause and no right of action and pleas of estoppel and res adjudicata, which exceptions and pleas were overruled by the court. The defendant answered with reservations, the case was tried and the following judgment rendered:

"This cause being regularly tried, argued and submitted, because the law and evidence are in favor thereof, and for reasons orally assigned:

"IT IS ORDERED, ADJUDGED AND DECREED, that plaintiff, Loran C. Swope, have and recover of the defendant, J. L. Holmes, the full sum of ninety-eight and no/100 dollars ($98.00), with legal interest from judicial demand herein made.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all other demands of said plaintiff are hereby rejected.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, J. L. Holmes, pay all costs of this suit."

This judgment was rendered on March 8, 1929, and the minutes of the Court of the same date recite:

"Defendant through counsel asks and prays for a suspensive and devolutive appeal to the Circuit Court of Appeals at Shreveport, Louisiana, and asks the Court to fix the bond and the return date. Let the appeal be granted as prayed for, returnable to the Circuit Court of Appeals, Second Circuit, at Shreveport, Louisiana, on or before May 4th, 1929."

It is clear that this Court is without jurisdiction. The amount involved originally and the amount in dispute at the time the case was finally submitted in the lower court is far beyond our maximum jurisdiction in such cases. Defendant has appealed to the wrong court. The Supreme Court, and not this Court, has jurisdiction.

We shall not dismiss the appeal, but by authority of Act 19 of 1912, page 25, we transfer the case to the Supreme Court.

## ORDER

It is hereby ordered that this case be transferred to the Supreme Court, and that defendant be and is hereby granted forty-five days from this date in which to perfect his appeal in that court; the costs of appeal to this court to be paid by appellant.